IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-132-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MANUEL RICARDO REYES-FLORES, ) | |
| ) | |
| Defendant. ) | |

On January 9, 2013, pursuant to a written plea agreement, Manuel Ricardo Reyes-Flores ("Reyes-Flores") pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount or methamphetamine. See [D.E. 5, 26, 56]. On April 17, 2013, the court held Reyes-Flores's sentencing hearing. See [D.E. 41, 57]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 33]. See Sent. Tr. [D.E. 57] at 5–6; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Reyes-Flores's total offense level to be 37, his criminal history category to be II, and his advisory guideline range to be 235 to 293 months' imprisonment. See Sent. Tr. at 6. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Reyes-Flores to 150 months' imprisonment. See id. at 6–7, 14–19.

Reyes-Flores appealed. On November 21, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Reyes-Flores, 546 F. App'x 284, 285 (4th Cir. 2013) (per curiam) (unpublished).

On May 3, 2016, Reyes-Flores moved for a sentence reduction under 18 U.S.C. § 3582(c)(2),

U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 69]. On August 1, 2016, Reyes-Flores also asked if he was eligible for relief under Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 70].

The court lacks jurisdiction to reduce Reyes-Flores's sentence. See [D.E. 76]; U.S.S.G. § 1B1.10(a)(2)(B). Amendment 782 did not lower Reyes-Flores's advisory guideline range. See [D.E. 76] 4. Thus, the motion is denied.

Alternatively, even if the court has discretion to reduce Reyes-Flores's sentence under Amendment 782, it declines to do so. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Reyes-Flores's sentence, the court finds that Reyes-Flores engaged in serious criminal behavior. See PSR ¶¶ 6–12. Moreover, Reyes-Flores is a violent recidivist, with convictions for bail jumping and attempted first-degree murder. See id. ¶¶ 16–17.

Having reviewed the entire record and all relevant policy statements, the court finds that Reyes-Flores received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Reyes-Flores's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Reyes-Flores's motion for reduction of sentence under Amendment 782. See, e.g.,

2

Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Reyes-Flores's motion for reduction of sentence [D.E. 69], and DENIES as baseless his request for relief [D.E. 70] under Johnson.

SO ORDERED. This 14 day of August 2017.

JAMES C. DEVER III
Chief United States District Judge